entered January 7, 1925, affirming a judgment in favor of plaintiff, entered upon an award of the Court of Claims. The claim was for damages to plaintiff's building and its contents caused by the building being struck by a motor truck belonging to the State, engaged in work connected with the canals and driven by an employee of the State. The accident did not occur on canal lands but it was held that the provisions of section 47 of the Canal Law were sufficiently broad to permit an award.

*Albert Ottinger, Attorney-General (Frederick D. Colson* of counsel), for appellant.

*James F. Martin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CRANE, ANDREWS and LEHMAN, JJ. Dissenting: CARDOZO, POUND and McLAUGHLIN, JJ.

_____

ANNA JABLONOR, as Administratrix of the Estate of THEODORE JABLONOR, Deceased, Appellant, *v.* VILLAGE OF ROCKVILLE CENTRE, Respondent.

*Negligence — villages — highways — action against village for death from accident caused by defect in highway — complaint properly dismissed where defect was in approach to bridge for which town alone was responsible.*

*Jablonor v. Village of Rockville Centre,* 215 App. Div. 713, affirmed. (Argued September 29, 1926; decided October 19, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 3, 1925, affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate died from the result of injuries received through the overturning of an automobile in which he was riding alleged to have been caused by an unguarded hole or depression in one of defendant's highways. The trial court held that as matter of law the part of the high-

way where the accident occurred was an approach to and part of a bridge for a defect in which the town of Hempstead and not defendant was responsible.

*Hiram C. Todd* and *E. Raymond Shepard* for appellant.
*Francis G. Hooley* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ.   Dissenting: CRANE, J.

---

HELEN MURPHY, as Administratrix of the Estate of JOSEPH MURPHY, Deceased, Appellant, *v.* STANLEY COURT REALTY AND CONSTRUCTION COMPANY, Respondent.

*Negligence — elevators — action to recover for death from fall down elevator shaft — complaint dismissed for failure of proof of negligence on part of defendant.*

*Murphy* v. *Stanley Court Realty & Const. Co.,* 216 App. Div. 736, affirmed.

(Argued September 29, 1926; decided October 19, 1926.)

APPEAL from a judgment, entered April 19, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate went into defendant's building to deliver merchandise to a tenant, entered the elevator and got off at the second floor, the elevator proceeding to the tenth floor. On its down trip the operator found the shaft door at the second floor open and upon examination intestate's body was found at the bottom of the shaft. The complaint was dismissed on the ground that there was no proof of negligence on the part of defendant.

*Frank L. Tyson* for appellant.
*Bertrand L. Pettigrew* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, ANDREWS and LEHMAN, JJ.   Dissenting: POUND and CRANE, JJ.

39